UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN MEIER,<br><br>    Petitioner,<br><br>v.<br><br>JOHANNA SMITH, Warden,<br><br>    Respondent. | Case No. 1:10-cv-00351-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Several motions are currently pending in this habeas corpus matter. The Court finds that decisional process would not be aided by oral argument, and it will resolve these motions after consideration of the parties' written briefing. D. Idaho L. Civ. R. 7.1(d).

For the reasons that follow, the Court grants Petitioner's Motion for Leave to Amend Petition for Writ of Habeas Corpus and dismisses Respondent's Motion for Partial Summary Dismissal of the original Petition. After reviewing the claims in the Amended Petition, however, the Court concludes that it plainly appears that Petitioner will not be entitled to habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases. Accordingly, the Court intends to enter judgment dismissing this case with prejudice unless Petitioner can show cause why it should be retained.

**MEMORANDUM DECISION AND ORDER - 1**

# BACKGROUND

In 2006, Boise police officers were investigating reports of several fraudulent merchandise returns at local retail stores, and Petitioner was suspected of being involved in these crimes. (State's Lodging A-2, p. 6.) With the assistance of Petitioner's probation officer, the police searched a storage unit that Petitioner had rented. (State's Lodging A-2, pp. 6-7; State's Lodging A-5.) Inside the unit, they found a cache of child pornography and other sexually suggestive depictions of children, including numerous photographs, DVDs, and at least one movie showing Petitioner personally engaging in lewd conduct with a male toddler. (State's Lodging A-2, pp. 7, 17-20.)

The State charged Petitioner with three counts of possessing material that sexually exploited a child and, in a separate count, charged that he was a persistent violator of the law based on two prior felony convictions. (State's Lodging A-1, pp. 21-23.) Petitioner agreed to enter an *Alford* plea to one count of possessing sexually exploitative material and to the persistent violator charge, in exchange for the State's agreement to dismiss the other two counts and not to pursue additional theft charges. (State's Lodging A-4, p. 5.) After applying the persistent violator enhancement, the trial court sentenced Petitioner to life in prison without the possibility of parole. (State's Lodging A-4, p. 35.) On appeal, Petitioner claimed that his sentence was excessive, but the Idaho Court of Appeals affirmed, and the Idaho Supreme Court declined to review the case. (State's Lodgings B-4, B-7.)

Petitioner filed a Petition for Post-Conviction Relief in state district court, alleging

that he was deprived of the effective assistance of trial counsel and that his guilty plea was coerced. (State's Lodging C-1, pp. 5-12.) Specifically, Petitioner claimed that his trial counsel should have filed a motion to suppress based on the fact that Petitioner's brother was also listed on the rental agreement for the storage unit that had been searched. (*Id.*) Petitioner asserted that this information was concealed from him in an effort to force him to plead guilty. (*Id.*)

The trial court appointed counsel to represent Petitioner in the post-conviction matter and held an evidentiary hearing. At the hearing, Petitioner's trial counsel, John Loschi, testified that early in the case Petitioner made clear to him that he intended to plead guilty. (State's Lodging C-2, p. 53.) Loschi also claimed that he did not believe that the facts supported a motion to suppress. (State's Lodging C-2, pp. 57-58.) At the conclusion of the hearing, the trial court denied all relief. (State's Lodging C-1, pp. 47-48.)

The Idaho Court of Appeals affirmed the lower court's decision. The Court of Appeals determined that Petitioner had not carried his burden to show that his guilty plea was coerced or that a motion to suppress would have had any merit on the grounds that he alleged. (State's Lodging D-5, pp. 4-5.) The Idaho Supreme Court declined to review the case. (State's Lodging D-8.)

Petitioner next filed a Petition for Writ of Habeas Corpus in this Court. (Dkt. 3.) United States Magistrate Judge Ronald E. Bush conducted an initial review of the Petition and ordered Respondent to submit a response. (Dkt. 6.) Respondent did so by filing a

**MEMORANDUM DECISION AND ORDER - 3**

Motion for Partial Summary Dismissal, arguing that several of the claims in the Petition had not been properly exhausted in the Idaho state courts and were now procedurally defaulted. (Dkt. 12.)

Within two weeks of receiving Respondent's Motion, Petitioner requested leave to amend his Petition, noting that he had made "several faulty claims" and that he "wishes to correct these issues through a better or more informed re-application." (Dkt. 14.) He followed this request with a copy of his proposed Amended Petition. (Dkt. 16.) The case has since been reassigned to the undersigned District Judge. (Dkt. 24.)

These matters are fully briefed, and the Court is now prepared to issue its ruling.

## MOTION FOR LEAVE TO AMEND

Respondent argues that Petitioner should not be permitted to amend his Petition because he has engaged in unnecessary delay and because two of the proposed claims are procedurally defaulted.[1]

An application for habeas relief may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure governs the amendment of civil pleadings. Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after the service of a responsive pleading or after a motion brought under Rule 12(b),(e), or (f). Petitioner's Motion for Leave to Amend was filed twelve days after Respondent filed his Motion for Partial Summary Dismissal, which is timely. Moreover, the Court does not find evidence

---

[1] The Court grants Respondent's request to file a supplemental response, which it has considered.

**MEMORANDUM DECISION AND ORDER - 4**

of bad faith or unnecessary delay and sees little prejudice to Respondent. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (discussing the factors to be weighed when reviewing a request to amend).

The Court will allow the Amended Petition to be filed. Given this ruling, Respondent's Motion for Partial Summary Dismissal pertaining to the original Petition will be dismissed as moot.

## REVIEW OF THE AMENDED PETITION

The Court must still review the Amended Petition to determine whether it is subject to summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*. In conducting its review, the Court takes judicial notice of the record of the state court proceedings that Respondent has lodged with the Court.

Petitioner raises the following claims: (1) a violation of his Fifth and Sixth Amendment rights due to ineffective assistance of counsel for failing to inform Petitioner of his right to remain silent and to not be a witness against himself during the sentencing process, (2) a violation of his Sixth and Fourteenth Amendment rights due to counsel's failure to (a) be present during all pre-trial and trial phases, including presentence interviews, and (b) "object[ ] to the lack of a suppression hearing for improperly obtained evidence." (Dkt. 16, p.2.)

After reviewing these claims and considering the record of the state court

**MEMORANDUM DECISION AND ORDER - 5**

proceedings, the Court concludes that it plainly appears that Petitioner will not be entitled to relief. No useful purpose would be served by allowing the expenditure of additional time and resources, and the Amended Petition will be dismissed unless Petitioner can demonstrate in response to this Order that it should be retained.

> 1. **Counsel's Failure to Advise Petitioner About his Right to Silence (Claim 1), and Counsel's Failure to be Present at all Critical Stages (Claim 2(a))**

Petitioner contends that his attorney was ineffective in failing to advise him about his right to remain silent and in failing to be personally present at all stages of the criminal process. Although Petitioner alleges in his Amended Petition that these failures occurred "during all phases of the pre-trial as well as trial phases," it is apparent from his Memorandum Brief that he is relying on his counsel's alleged errors and omissions in the time period between the entry of the *Alford* plea and the end of the sentencing hearing, with a particular emphasis on counsel's representation related to a psychosexual evaluation. (Dkt. 19.)

Petitioner bases these claims largely on *Estrada v. State*, 149 P.3d 833 (Idaho 2006). In *Estrada*, the Idaho Supreme Court held that a psychosexual evaluation is a critical stage of a criminal prosecution such that the defendant has a Sixth Amendment right to the advice of counsel about whether to undergo an evaluation and a Fifth Amendment right to refuse to participate in the evaluation. *Id*. at 838-39.

Claims 1 and 2(a) are procedurally defaulted and, alternatively, fail on their merits.

> **(a)    Procedural Default**

MEMORANDUM DECISION AND ORDER - 6

A habeas petitioner must first exhaust his state court remedies before a federal court can grant relief on a constitutional claim. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust state court remedies properly, the petitioner must have fairly presented his constitutional claims, giving the state courts a full and fair opportunity to correct the alleged error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

When a petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A procedurally defaulted claim will not be considered in a habeas proceeding unless the petitioner can establish cause for his procedural default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, neither Claim 1 nor Claim 2(a) was fairly presented to the Idaho Supreme Court. The single claim that Petitioner raised during his direct appeal was that the trial court abused its discretion in sentencing him to life without the possibility of parole. While he did raise claims of ineffective assistance of counsel during the post-conviction matter, the facts he alleged to support those claims were that his counsel misled him about the evidence and failed to file a motion to suppress. Therefore, because these are new claims that Petitioner has raised for the first time in this habeas proceeding, and because the time to return to state court has passed, the claims are procedurally defaulted.

### (b) Merits Analysis

Independent of any procedural default, the Court alternatively concludes that the claims lack merit.

Petitioner alleges that he was deprived of his Sixth Amendment right to the effective assistance of counsel. To prove a Sixth Amendment violation under these circumstances, he must show both (1) that his counsel's performance was unreasonably deficient and (2) that the defense was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). The standard for attorney performance in a criminal case is that of reasonably effective assistance, measured under prevailing professional norms. *Strickland*, 668 U.S. at 687-88. In assessing whether the representation fell below an objective standard of reasonableness, counsel's conduct must be viewed under the facts that existed at the time that the challenged act or omission occurred, rather than through the benefit of hindsight. *Id*. at 689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. To prove actual prejudice, the petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. *Id*. at 694.

Petitioner's claims flow from the Idaho Supreme Court's recognition in *Estrada* that criminal defendants have certain Fifth and Sixth Amendment rights during court-ordered psychosexual evaluations. Petitioner's situation, however, is fundamentally different from *Estrada*. Unlike that case, Petitioner's counsel did not tell him that he was

**MEMORANDUM DECISION AND ORDER - 8**

compelled to undergo a psychosexual evaluation. To the contrary, Petitioner's counsel indicated on the record during the change of plea hearing that he had discussed Petitioner's "*Estrada* rights" with him, and they did not want a court-ordered psychosexual evaluation:

> MR. LOSCHI: Judge, Mr. Meier and I have discussed the psychosexual evaluation and the Estrada rights that he has in approaching the psychosexual evaluation. We're going to waive any request for psychosexual evaluation and ask that one not be ordered. We are, however, requesting a little bit more than the normal five weeks prior to sentencing, maybe two months if we can get it, because there's a few things we want to do on our end.

(State's Lodging A-3, p. 18.)

Rather than have Petitioner submit to a court-ordered psychosexual, the record shows that trial counsel instead chose to have his client undergo a confidential evaluation from an evaluator who submitted his report to the defense. (State's Lodging A-4, p. 6.) Trial counsel later chose to offer the report to the court in support of his argument that Petitioner should have an opportunity to convince the parole board at some point that he was rehabilitated and fit for release back into society. (State's Lodging A-4, pp. 27-28.) In light of these facts, Petitioner was not deprived of any of his rights as contemplated by *Estrada*.

Nor was counsel otherwise ineffective in deciding to have Petitioner evaluated independently by a mental health expert and choosing to rely on that report at sentencing. A defense attorney's tactical or strategic choices made after an adequate inquiry into the

**MEMORANDUM DECISION AND ORDER - 9**

facts and law are virtually unchallengeable under *Strickland*, and counsel's decision here fell well within the ambit of reasonable defense strategy. *Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997). That counsel was ultimately unsuccessful in preventing the court from imposing the maximum sentencing is immaterial.

Even if counsel's actions did fall below an objective standard of reasonableness, Petitioner cannot show that he was actually prejudiced. The trial court sentenced Petitioner to life in prison without the possibility of parole largely because of his lengthy criminal record, longstanding history of untreated pedophilia, and apparent unwillingness to change or be rehabilitated. (State's Lodging A-4, pp. 31-32.) All of these facts were well-supported by the presentence investigation report and other records outside of the psychosexual evaluation. The trial court also considered the factors and arguments offered by Petitioner's counsel in mitigation of punishment, but it concluded that the aggravating facts outweighed those mitigating considerations. Therefore, there is no reasonable probability that the trial court would have imposed a shorter sentence but for trial counsel's decision to pursue and offer a psychosexual evaluation.

Because it is clear that Petitioner will not be entitled to relief on Claim 1 and 2(a), those claims are subject to summary dismissal.

### 2. Counsel's Failure to File a Motion to Suppress (Claim 2(b))

Petitioner next contends that he was deprived of the effective assistance of counsel because counsel did not file a motion to suppress, primarily based on the fact that Petitioner's brother was listed on the rental agreement for the storage unit. The Idaho

**MEMORANDUM DECISION AND ORDER - 10**

Court of Appeals, which issued the last reasoned state court decision, rejected this claim after concluding that Petitioner had offered no evidence or argument to demonstrate that a motion to suppress would have been successful. Petitioner must show that this decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). He is unable to carry this burden.

A petitioner who claims that his counsel failed to litigate a Fourth Amendment claim competently must prove that the "claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). This Court agrees with the state court that there is no evidence in the record that would have supported a successful motion to suppress.

Although it is true that the police did not obtain a warrant before searching the storage unit, it is clear from the record that Petitioner had previously agreed to submit to warrantless searches of his property as a condition of his probation. In other words, he had no basis to object to the search because he had waived his rights under the Fourth Amendment. Petitioner nonetheless seems to be laboring under the impression that the listing of his brother, Eugene Jay Meier ("Jay"), on the rental agreement was a critical piece of evidence that his counsel could have used to argue that the police were not authorized to search the unit without Jay's consent or a warrant. This is simply incorrect.

**MEMORANDUM DECISION AND ORDER - 11**

First, Jay did not sign the rental agreement, and whether the printing of his name as a co-lessee or a contact person gave him equal right to object to a search of the unit is uncertain, at best, as there is no evidence that he exhibited a reasonable expectation of privacy in the unit.

But the more difficult problem for Petitioner is that any constitutional violation under this theory would have been a violation of his *brother*'s rights, not his own. Whatever might be said about whether Jay had a right to object to the search on Fourth Amendment grounds, it is of no consequence here because Petitioner could not vicariously assert Jay's rights in his own criminal proceeding. *Cf. Rakas v. Illinois*, 439 U.S. 128, 133–134 (1978) ("A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed."). As a result, the Idaho Court of Appeals' resolution of this claim was reasonable.

In state court, Petitioner also suggested that evidence showing his brother as a co-lessee or contact person on the rental agreement may have provided a possible defense at trial because it could be argued that Jay had access to the unit and, consequently, possessed the sexual material. Petitioner argues that because this fact was supposedly concealed from him, his decision to enter an *Alford* plea without full knowledge of the facts was not a voluntary one.

The only evidence introduced in state court that Petitioner's brother had any

**MEMORANDUM DECISION AND ORDER - 12**

arguable connection to the unit was the notation of his name on part of the rental agreement, and this would have been a very slender reed upon which to build a defense at trial. All of the other evidence pointed to Petitioner's exclusive control of the unit and the sexual material found therein. Petitioner signed the rental agreement, and he admitted to the presentence investigator that it was "his unit." (State's Lodging C-2, p. 23.) Petitioner's trial counsel attempted to contact Jay Meier but was not able to do so. (State's Lodging C-2, p. 67.) In at least one of the videos that was recovered, Petitioner was shown personally engaging in lewd conduct with, and in front of, a toddler. In short, the evidence against Petitioner was overwhelmingly strong. Trial counsel's attempt to work out the most favorable plea deal in these circumstances fell within an objective standard of reasonableness, even though counsel was ultimately unable to convince the trial court to impose less than the maximum sentence.

For these reasons, the Court concludes that it plainly appears from the Amended Petition that Petition will not be entitled to habeas relief. Rule 4 of the Rules Governing Section 2254 Cases. The Court will withhold entering final judgment until after Petitioner has had an opportunity to respond to this Order and to provide any reason why he believes the case should be retained.

## ORDER

IT IS ORDERED:

1. Petitioner's Motion for Leave to File an Amended Petition for Writ of Habeas Corpus Application (Dkt. 14) is GRANTED. The Amended Petition

**MEMORANDUM DECISION AND ORDER - 13**

lodged on February 25, 2011, is deemed filed.

2. Respondent's Motion for Partial Summary Dismissal of the original Petition (Dkt. 12) is MOOT.

3. Petitioner's Application for In Forma Pauperis Status (Dkt. 17) is MOOT. The Court has already granted Petitioner permission to proceed in forma pauperis.

4. Respondent's Motion for Leave to File a Supplemental Response to Petitioner's Motion for Leave to File an Amended Habeas Petition (Dkt. 21) is GRANTED. The Court has considered the Supplemental Response.

5. The Amended Petition is subject to summary dismissal. No later than 30 days from the date of this Order, Petitioner shall file a response to the Order, providing any reason he believes the Court's analysis is in error or why the case should be retained. Petitioner shall label his response as a "Motion to Proceed with Amended Petition."

DATED: **August 29, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge